IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAMSON–DICKIE MANUFACTURING COMPANY | § § § | |
| *vs*. | § § | C.A. NO. H – 10 – 1620 ADMIRALTY |
| M/V HEINRICH J, *etc., et al*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Williamson–Dickie Manufacturing Company files this Original Complaint against Defendants, the M/V HEINRICH J, *in rem*, and Astor Heinrich J ("Astor"), Seaboard Marine Ltd. ("Seaboard") and Evans Delivery Company, Inc. ("Evans"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. The Court has original jurisdiction of Plaintiff's claim against Evans under 28 U.S.C. §1337(a) and 49 U.S.C. §14706 as the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs.

3.  Alternatively, the Court has supplemental jurisdiction of Plaintiff's claim against Evans under 28 U.S.C. § 1367 because it is so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Plaintiff is a Delaware corporation with its principal place of business in Fort Worth, Texas.

5.  At all times material, Astor owned, managed and/or operated the M/V HEINRICH J as a common carrier of goods by water for hire between various ports, including the Ports of Santo Tomas De Castilla, Guatemala and New Orleans, Louisiana. Astor is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Astor is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Astor may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Astor has sufficient national

minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Astor is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Astor with a summons is effective to establish personal jurisdiction over it.  Astor can be served by serving the Texas Secretary of State.  Process or notice can be sent to Astor in care of Jüngerhans Maritime Services GmbH & Co. KG, Boschstraße 31, 49733 Haren (Ems), Germany.

6. At all times material, Seaboard chartered and/or operated the M/V HEINRICH J as a common carrier of goods by water for hire between various ports, including the Ports of Santo Tomas De Castilla and New Orleans.  On information and belief, Seaboard is a Liberian corporation that, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas.  Seaboard can be served by its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

7. On information and belief, at all times material, Evans was a Pennsylvania corporation with its principal place of business in Schuylkill Haven, Pennsylvania.  At all times material, although not authorized to do business in Texas, Evans did business in Texas as a transportation broker, forwarder, carrier and/or bailee

of goods for hire by, among other things, carrying cargo aboard vehicles to and from Texas, operating and/or managing vehicles on Texas roads and highways, entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage in Texas, entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Evans is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Evans may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Evans has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Evans is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Evans with a summons is effective to establish personal jurisdiction over it.  Evans can be served by serving the Texas Secretary of State.  Process or notice can be sent to Evans at its home office at 100–110 West Columbia Street, Schuylkill Haven, Pennsylvania 17972.

       8.      On or about May 16, 2009, Plaintiff's shipper tendered in good order and condition to Astor and Seaboard at Amatitlan, Guatemala a containerized cargo of clothing.  Astor and Seaboard agreed safely to (a) receive at Amatitlan, (b) carry to

4

Santo Tomas De Castilla, (c) load, stow, secure aboard the M/V HEINRICH J at Santo Tomas De Castilla, (d) carry to, and discharge at, New Orleans, and (e) carry to, and deliver at, Fort Worth, the cargo in the same good order and condition as when received, in consideration of paid freight charges. Astor and Seaboard acknowledged receipt of the cargo in good order and condition at Amatitlan and accordingly therewith issued Bill of Lading No. SMLU 2189451A free of exceptions or other notations for loss or damage, and later loaded the cargo aboard the M/V HEINRICH J.

9. On or about May 20, 2009, the M/V HEINRICH J arrived at New Orleans where Astor and Seaboard later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, moist, deteriorating, rotting, contaminated with mold and/or mildew and otherwise physically damaged. The damage and loss proximately resulted from Astor's and Seaboard's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V HEINRICH J.

10. Alternatively, at all times material, Evans promised to, or for the benefit of, Plaintiff safely to receive, handle, load, secure, carry, discharge and deliver at Fort Worth, Plaintiff's cargo. On or about May 22, 2009, Astor and Seaboard tendered the cargo in good order and condition to Evans at or near the Port of New Orleans. Evans there acknowledged receipt of the cargo in good order and condition.

11. Sometime thereafter, Evans carried the cargo over the road to Fort Worth and there tendered it to Plaintiff, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, moist, deteriorating, rotting, contaminated with mold and/or mildew and otherwise physically damaged. The damage and loss proximately resulted from Evans' acts and/or omissions constituting negligence, breach of contract, breach of bailment, material breach and/or violations of the duties of a transportation broker, forwarder, carrier and/or bailee of goods for hire.

12. Plaintiff proximately has sustained damages exceeding $138,028.98 plus interest dating from May 16, 2009, demand for which has been made upon Defendants but which they refuse to pay.

13. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Williamson–Dickie Manufacturing Company prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V HEINRICH J, her engines, tackle, apparel, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V HEINRICH J be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V HEINRICH J, *in rem*, and Astor Heinrich J, Seaboard Marine Ltd. and Evans Delivery Company, Inc., *in personam*, jointly and severally, are liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

                             Respectfully submitted,

                             *SHARPE & OLIVER, L.L.P.*

By /s/ R. M. Sharpe
                             R. M. Sharpe, Jr.
                             State Bar No. 18129000
                             S. D. Texas No. 889
                             550 Westcott, Suite 230
                             Houston, Texas 77007–5096
                             Telephone:   (713) 864–2221
                             Facsimile:    (713) 864–2228

OF COUNSEL:

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886

                             ATTORNEYS   FOR   PLAINTIFF

*PLEASE SERVE:*

**Astor Heinrich J**
By serving the Texas Secretary of State
With copies of service or notice sent to:
Jüngerhans Maritime Services GmbH & Co. KG
Boschstraße 31, 49733 Haren (Ems)
Germany

**Seaboard Marine Ltd.**
By Serving its Registered Agent:
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701

**Evans Delivery Company, Inc.**
By serving the Texas Secretary of State
With copies of service or notice sent to:
100–110 West Columbia Street
Schuylkill Haven, Pennsylvania 17972