UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAMSONDICKIE MANUFACTURING COMPANY, § § § Plaintiff, § VS. § M/V HEINRICH J, *et al*, § § Defendants. § | § § § § § CIVIL ACTION NO. H-10-1620 § § § § |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

Pending before the Court is the defendant's, Seaboard Marine Ltd., motion to dismiss with an alternative motion to transfer (Docket Entry No. 15).[1]  Another defendant, Evans Delivery Company, Inc., filed a response to Seaboard's motion (Docket Entry No. 23).[2]  The plaintiff, Williamson-Dickie Manufacturing Company, also filed a response in opposition to Seaboard's motion (Docket Entry No. 24), to which Seaboard filed a reply (Docket Entry No. 25).  After having carefully reviewed motion, the responses, the record and the applicable law the Court denies both of Seaboard's motions.

### II.   Factual Background

This action involves alleged water, mold and mildew contamination of a containerized shipment of work apparel carried over the road in Guatemala from Amatitlan to Santo Tomas De Castilla, aboard the M/V HEINRICH J from Santo Tomas De Castilla to New Orleans,

---

[1] The motion to dismiss is pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  The motion to transfer is pursuant to 28 U.S.C. § 1404(a).

[2] Additionally, Astor Heinrich J is an *in personam* defendant, and the M/V HEINRICH J is an *in rem* defendant, although they are not movants in the present motion.

Louisiana, and then again over the road from New Orleans to Fort Worth, Texas. The plaintiff contends that its cargo, in good condition, was tendered to Astor and Seaboard for shipment from Amatitlan on May 16, 2009. The plaintiff further contends that Evans received custody of the cargo in New Orleans on May 22, 2009 and then transported it to Fort Worth, where the plaintiff discovered that it was damaged. A June 15, 2009 survey at the plaintiff's Fort Worth facility indicated that the container had been received with a hole in its roof panel. Due to as-yet undetermined causes, the plaintiff alleges that the cargo was damaged during multiple legs of its journey from Guatemala to Fort Worth. The plaintiff seeks to recover $138,028.98 for the cargo damages, plus interest dating from May 16, 2009.

The plaintiff is incorporated in Delaware with its principal place of business in Fort Worth, Texas. Astor (owner of the M/V HEINRICH J at all relevant times) is a foreign entity. The plaintiff contends that Seaboard (charterer and/or operator of the M/V HEINRICH J at all relevant times) is a Liberian corporation with a registered agent in Austin, Texas, but Seaboard claims that it is headquartered in Florida. Evans is a Pennsylvania corporation with its principal place of business in Pennsylvania.

On May 6, 2010, the plaintiff filed suit against the defendants. On July 7, 2010, Seaboard filed its answer. On July 8, 2010, Seaboard filed the present motion to dismiss, with an alternative motion to transfer, contending that venue is improper based on a forum selection clause.

### III. Contentions of the Parties

#### A. Seaboard's Contentions

Seaboard claims that venue is improper due to the forum selection clause contained in the bill of lading between Seaboard and the plaintiff, which specifies that any suit must be brought in

the United States District Court for the Southern District of Florida, Miami Division. Thus, Seaboard contends that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Seaboard disputes the plaintiff and Evans' claims that Seaboard waived its ability to seek a motion to dismiss, asserting that it preserved its ability to seek dismissal in its original answer. Alternatively, Seaboard contends that transfer is appropriate pursuant to 28 U.S.C. § 1404(a), because the balance of Section 1404(a) factors weighs in favor of transfer.

### B. The Plaintiff and Evans' Contentions[3]

The plaintiff and Evans contend that, pursuant to Federal Rule of Civil Procedure 12(g)-(h), Seaboard waived its ability to seek dismissal of this case for improper venue when it failed to raise a specific objection or defense to venue in its answer. The plaintiff contends that Seaboard is now precluded from raising an objection or defense to venue pursuant to Federal Rule of Civil Procedure 12(g), and Evans contends that Seaboard is precluded pursuant to Rule 12(h). They also claim that, even if timely, Seaboard improperly asserted its motion to dismiss because the majority of district courts in the Fifth Circuit prefer transfer rather than dismissal for improper venue, when possible. Finally, they assert that the balance of applicable Section 1404(a) factors dictates against a venue transfer.

## IV. Standards of Review

### A. Federal Rule of Civil Procedure 12(b)(3)

"Federal Rule of Civil Procedure 12(b)(3) permits a defendant to [timely] move to dismiss an action on the basis of improper venue." *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002) (internal citations omitted); *De Joseph v. Odfjell Tankers*

---

[3] While opposing parties do not usually contend for the same outcome, the plaintiff and Evans filed very similar responses to Seaboard's motion, and therefore the Court summarizes them together.

*(USA), Inc.*, 196 F. Supp. 2d 476, 479 (S.D. Tex. 2002) (internal citations omitted). The majority of courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. *McCaskey v. Cont'l Airlines Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001) (internal citations omitted); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (internal citations omitted). In the absence of an evidentiary hearing on the matter, courts will allow a plaintiff to carry this burden by establishing facts, taken as true, that establish venue. *McCaskey*, 133 F. Supp. 2d at 523 (internal citations omitted); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (internal citation omitted). The Court will "accept uncontroverted facts contained in the plaintiff's complaint as true, and resolve any conflicts in the parties' affidavits in the plaintiff's favor." *McCaskey*, 133 F. Supp. 2d at 523 (internal citation omitted). While a defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts. *McCaskey* at 523.

   **B.**  **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)**

  A motion to transfer venue from one district court to another is governed by 28 U.S.C. § 1404(a). Specifically, § 1404(a) gives a federal court discretion to "transfer any civil action to any other district or division where it might have been brought" if to do so would be convenient for the parties and witnesses and "in the interest of justice." 28 U.S.C. § 1404(a). "[T]he purpose of [Section 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585,* 364 U.S. 19, 26-27 (1960)); *see also, Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005). The movant, however, bears the burden of proving that a transfer is necessary.

*Spiegelberg*, 402 F. Supp. 2d at 789; *see also, Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The first issue that a district court must consider in evaluating a motion under Section 1404(a) "is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003); *see also, In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). Next, a district court must consider the issue of "the convenience of the parties and witnesses," which "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted); *see also, Amini Innovation Corp. Bank & Estate Liquidators, Inc.*, 512 F. Supp.2d 1029, 1043 (S.D. Tex. 2007). The private interest factors include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG* at 203 (citing *Piper Aircraft Co.* at 241 n.6).

## V.      Analysis and Discussion

The Court denies Seaboard's motion for dismissal and its alternative motion for transfer because the Court determines that Seaboard waived its right to move for dismissal and because the balance of Section 1404(a) factors do not justify a transfer.

### A.      Motion to Dismiss

The Court denies Seaboard's motion to dismiss for improper venue because Seaboard waived its ability to do so by not specifically including that defense in its responsive pleading. *See* Federal Rule of Civil Procedure 12(h) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to . . . include it in a responsive pleading"). A "responsive" pleading under Rule 12 is the first pleading filed after the claim for relief is made. *T & R Enters., Inc. v. Continental Grain Co.*, 613 F.2d 1272, 1277 (5th Cir. 1980). If the party fails to assert a 12(b)(2)-(5) issue in either its first responsive pleading or a preceding Rule 12(b) motion, "[t]he penalty . . . is waiver." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982) (citing 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1391, at 853 (1969)).

Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move." *Golden*, 683 F.2d at 118. Otherwise, "[a] party named in the complaint may voluntarily submit to the jurisdiction of the court. Under Federal Rule of Civil Procedure 12(h)(1), any jurisdictional defect stemming from insufficiency of process or of service of process is waived unless it is raised in the answer or by motion before the filing of a responsive pleading." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985).

Seaboard filed a responsive pleading on July 7, 2010 and did not specifically invoke the bill of lading's forum selection clause or Rule 12(b)(3). While Seaboard's answer does state the affirmative defense of improper venue, that defense refers generically to "the Seaboard bill of lading terms and conditions." Seaboard argues that the vague, catch-all terminology in its answer was sufficient to preserve its ability to move for dismissal for lack of venue.[4] The Court disagrees. The text from Seaboard's answer to which it points as preserving its ability to move for dismissal based on change of venue is broad and over-sweeping template terminology.[5] Moreover, the very forum selection clause that Seaboard relies upon also includes Seaboard's right to waive the bill of lading's forum selection. Consequently, pursuant to Rule 12(h), Seaboard waived its ability to move for dismissal based on improper venue, and Seaboard has submitted to venue in the Southern District of Texas.

Furthermore, even if the Court were to determine that Seaboard did not waive its ability to remove this case pursuant to Rule 12(b)(3) – which it does not – the proper analysis of the forum selection clause would be a transfer analysis under Section 1404(a), not dismissal under Rule 12(b)(3) or Section 1406. Seaboard's motion to dismiss is premised upon a forum selection clause that specifies the proper venue as the United States District Court for the Southern District of Florida. "Where the designated venue in a forum selection clause is another federal court, the majority of District Courts in the Fifth Circuit have interpreted Supreme Court and Fifth Circuit

---

[4] The bill of lading contains the following provisions: "Seaboard pleads as a defense, the terms and conditions of any and all contracts, including but not limited to booking notes, bills of lading, charter parties, tariffs and/or any other further contractual documentation as may be applicable" . . . "Seaboard would show as a defense to Plaintiff's Complaint that venue is not proper in this district pursuant to the Seaboard's bill of lading terms and conditions" (Docket Entry No. 14, pp. 3, 4).

[5] *See also*, C. Wright, A. Miller, & E. Cooper, 5B *Fed. Prac. & Proc. Civ.* § 1352 (3d ed. 2010) ("If the defendant . . . does not assert a venue objection *with specificity* in the answer, he effectively has waived any right to obtain a dismissal on the ground of lack of venue.") (emphasis added); 17 James Wm. Moore *et al., Moore's Federal Practice – Civil* § 111.36(2) (3d ed. 2010) ("Improper venue is waived if the defendant makes a pre-answer motion to dismiss on any of the grounds specified in Rule 12(b) and does not *specifically* raise improper venue as a grounds for dismissal in the same motion.") (emphasis added).

precedent to mean the proper way to enforce the clause is through a venue transfer pursuant to 28 U.S.C. § 1404(a), and not dismissal for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a)." *Interactive Music Tech. v. Roland Corp.*, No. 6:07-CV-282, 2008 WL 245142, at *7 (E.D. Tex. 2008) (internal citations omitted); *see, e.g., Texas Community Bank, N.A. v. Dunn*, 2010 WL 3220652 at *2-3 (S.D. Tex. August 13, 2010); *Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 683-84 (S.D. Miss. 2005). Under the majority of relevant cases, Section 1404(a) is the proper procedural mechanism to enforce the forum selection clause by determining whether transfer is appropriate. *Texas Community Bank, N.A.*, 2010 WL 3220652 at *7. With that trend in mind, the Court turns to Seaboard's motion to transfer.

**B. Motion to Transfer**

The Court denies Seaboard's motion to transfer because a balancing of the Section 1404(a) factors weighs against such a transfer. The Court's broad discretion in deciding whether to order a transfer is limited by Section 1404(a) and by applicable Supreme Court and Fifth Circuit precedent. *See In re Volkswagen of Am., Inc.*, 454 F.3d 304, 311 (5th Cir. 2008), *cert. denied sub nom, Singleton v. Volkswagen of Am.*, 129 S. Ct. 1336 (2009). The burden rests on the movant to demonstrate that transfer is proper under Section 1404(a). *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston*, 2010 WL 2671584, at *3 (S.D. Tex. June 30, 2010).

Although the forum selection clause is a significant factor in the transfer analysis, on it own it is insufficient to justify transfer. "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). A forum selection clause does not compel transfer if the factors listed in Section 1404(a) militate against transfer. *See Go*

*Figure, Inc. v. Curves Intern., Inc.*, 2010 WL 1424411, at *6 (S.D. Tex. 2010) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. at 29).

Under Section 1404(a), the Court must weigh those factors "[f]or the convenience of parties and witnesses, [and if it is] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is to consider a number of private and public interest factors, "none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal citation omitted).[6]

Seaboard, as the movant, bears the burden of establishing the propriety of transfer. *See Terra Nova Sciences, LLC.*, 2010 WL 2671584, at *3. Further, Seaboard must "show good cause" to justify a transfer. *Go Figure, Inc.*, 2010 WL 1424411 at *5 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963) (other internal citation and quotation omitted)). "Good cause" means that the moving party "must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Go Figure, Inc.*, 2010 WL 1424411 at *5 (quoting *Volkswagen of Am., Inc.*, 545 F.3d at 315).

### 1. Private Interest Factors[7]

A balancing of the private interest factors dictates against a transfer. First, as to "the relative ease of access to sources of proof," Seaboard admits in its motion that the key evidence will be the contracts themselves and any written memoranda, including emails, evidencing party

---

[6] For a list of these eight factors, *see* Section **IV.B.**, *supra*.

[7] All eight factors cited in this and the following subsections come from *In re Volkswagen AG* at 203 (citing *Piper Aircraft Co.* at 241 n.6).

discussions. Seaboard also admits that such proof resides with the parties and is readily accessible in any venue or jurisdiction at minimal cost. Second, as to "the availability of compulsory process," Seaboard has not demonstrated any need for compulsory process in Florida to secure a witness. Courts often regard the convenience of non-party witnesses as the most important factor to consider when deciding whether to grant a Section 1404(a) transfer. *See Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). Third, as to "the cost of attendance," Seaboard alleges that all key evidence resides with the parties themselves and is readily accessible in any venue or jurisdiction at minimal cost. Fourth, as to "other practical problems," a transfer would delay the case, as the Court has been handling this case for over seven months. Seaboard alleges that it is headquartered in Florida, and that consequently the judgment would be easier to enforce there. However, that concern is not sufficiently relevant because Seaboard maintains an office and conducts business in Houston too, thus subjecting itself to the foreseeability of litigation in this forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92; *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

In sum, Seaboard does not make any showing that witnesses or proof is located in Florida, or that any relevant activity occurred there. The shipment moved from Central America to Fort Worth via New Orleans. As such, Seaboard has not met its burden of proof to show "good cause" to transfer this action to Florida based on the private interest factors set forth in *In re Volkswagen AG*. *Go Figure, Inc.*, 2010 WL 1424411 at \*5 (citing *Humble Oil*, 321 F.2d at 56).

### 2. Public Interest Factors

Likewise, a balancing of the public interest factors from *In re Volkswagen AG* does not justify a transfer. First, as to "administrative difficulties," Seaboard shows no administrative difficulties flowing from court congestion in the Southern Districts of Texas or Florida that would favor a transfer. Second, as to "local interest" Seaboard alleges that it is headquartered in Florida, but Seaboard does not allege that any of the relevant events at issue occurred in Florida, and it maintains an office in Houston. Third, as to "familiarity of the forum with the law that will govern," Seaboard concedes that Florida is not favored over Texas. This factor is inapplicable because federal law will likely apply to the bill of lading interpretation and to the damage allegations.[8] Fourth, as to "avoidance of unnecessary problems," Seaboard concedes that this factor is inapplicable. Therefore, Seaboard has failed to show "good cause" as to how the public interest factors favor a transfer. *Go Figure, Inc.*, 2010 WL 1424411 at *5 (citing *Humble Oil* at 56). Consequently, Seaboard has failed to make the requisite showing to transfer this case under Section 1404(a), and the Court denies its motion.[9]

---

[8] *See, e.g.,* the Carriage of Goods by Sea Act at 46 U.S.C. § 30701-07, and/or the Carmack Amendment at 49 U.S.C. § 14706.

[9] The Court finds Seaboard's appeal to recent Southern District of Texas precedent unavailing. *See TCM Corporation v. M/V Rickmers, et al.*, C.A. No. 4:09-cv-2111, Docket Entry No. 40 (March 12, 2010). The *Rickmers* court did grant Seaboard's motion to transfer, and the *Rickmers* court was presented with the same Seaboard forum selection clause and same language in Seaboard's original answer as was docketed in this case. But that does not mean that the Court should grant Seaboard's motion in this case. The order for transfer in *Rickmers* was a two-paragraph order from which the Court is unable to determine that court's factual or legal basis for granting the motion. In the absence of that court's explanation of the reasons underlying its order, the Court will not speculate.

**VI.     Conclusion**

Based on the foregoing discussion, the Court DENIES both Seaboard's motion to dismiss and motion to transfer.

It is so **ORDERED.**

SIGNED at Houston, Texas this 31st day of January, 2011.

_____
Kenneth M. Hoyt
United States District Judge